[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10822
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22898-PAS; 1:05-cr-20399-PAS-1

RALPH CURRY,

                                                    Petitioner-Appellee,

versus

UNITED STATES OF AMERICA,

                                                    Respondent-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 2, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

The Government appeals the District Court's grant of Ralph Curry's authorized second or successive 28 U.S.C. § 2255 motion to vacate his sentence. On appeal, the Government argues that the District Court erred in determining that Curry was entitled to relief on his claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because he could not establish that the sentencing court relied on the now-invalidated residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) when imposing an enhancement under the Armed Career Criminal Act ("ACCA").

We review *de novo* the District Court's grant of a successive 28 U.S.C. § 2255 motion. *See McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002) (reviewing a district court's dismissal of a successive § 2255 motion). The ACCA, which imposes heightened prison sentences for certain defendants with three prior convictions for either violent felonies or serious drug offenses, defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States*

2

*v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).  In order to be qualifying predicates, prior offenses must have been "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).

The Supreme Court has held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 135 S. Ct. at 2557-58, 2563.  The Supreme Court stated that *Johnson* did not affect any of the ACCA's other provisions.  *Id.* at 2563.  On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

In *Beeman v. United States*, a case involving a movant's first § 2255 motion, we held that a § 2255 movant raising a *Johnson* claim must establish that the residual clause actually adversely affected the sentence he received.  871 F.3d 1215, 1221 (11th Cir. 2017).  We noted that previous precedent developed in the context of an application to file a second or successive § 2255 motion was applicable.  *Id.* at 1221 n.1.  We stated that a movant must show that the sentencing court relied solely on the residual clause to qualify a prior conviction as a violent felony and that there were not at least three other prior convictions that could have qualified as violent felonies or serious drug offenses.  *Id.* at 1221.  We explained

3

that the movant must show that it was more likely than not that the residual clause led to the sentencing court's enhancement of his sentence. *Id.* at 1222. We stated that if it was just as likely that the sentencing court used the elements or enumerated crimes clauses, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause. *Id.*

Here, under *Beeman*, the District Court erred by granting Curry's § 2255 motion because Curry concedes that the record was unclear regarding which convictions, and which clause of the ACCA, the sentencing court relied on to impose the ACCA enhancement. The District Court—observing that this Court had not yet decided the standard of proof a movant must meet to succeed on his *Johnson* claim—rested its decision to vacate Curry's sentence on *In re Chance*, in which a panel of this Court stated in dicta that "the required showing is simply that § 924(c) may no longer authorize [a movant's] sentence as that statute stands after *Johnson*—not proof of what the judge said or thought at a decades-old sentencing." 831 F.3d 1335, 1341 (11th Cir. 2016). Subsequent to the District Court's grant of Curry's motion to vacate his sentence, we decided *Beeman*, which discarded the approach taken by the panel in In re Chance and instead adopted the above-

4

discussed standard.  We therefore reverse the District Court's order granting

Curry's § 2255 motion and remand for the District Court to dismiss it.[1]

**REVERSED AND REMANDED.**

---

[1] Curry also contends that we lack subject-matter jurisdiction to entertain the Government's appeal because the Government failed to obtain a COA before proceedings with its appeal.  This argument is meritless: the Government need not secure a COA before appealing the vacation of a petitioner's sentence pursuant to § 2255.  *See* Fed. R. App. P. 22(b)(3).