[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14465

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20592 CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO GOMEZ,

Defendant-Appellant.

_____

No. 07-15372

_____

D.C. Docket No. 06-20592 CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO BACHILLER,

Defendant-Appellant.

D.C. Docket No. 06-20592 CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO AVILES,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Florida

(December 10, 2008)

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

A federal grand jury in the Southern District of Florida returned a six-count

indictment charging appellants Reynaldo Aviles ("Aviles"), Emilio Gomez

("Gomez"), and Mario Bachiller ("Bachiller"), and co-defendants, Nelson Pena

("Pena") and Joe Guevara ("Guevara"), with conspiracy to possess with the intent

to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2 (Count 2); conspiracy to interfere with commerce by threats or violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a) (Count 3); attempt to interfere with commerce by threats or violence (Hobbs Act robbery), in violation of 18 U.S.C. § 1851(a) and 18 U.S.C. § 2 (Count 4); possession of firearms during the commission of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5); and being felons in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (Count 6). Aviles, Bachiller, and Gomez pleaded not guilty. After a trial, the jury returned guilty verdicts against each defendant on each count charged in the indictment.

The district court sentenced Gomez to life imprisonment on Counts 1 and 2, 240 months' imprisonment on Counts 3 and 4, and 120 months' imprisonment on Count 6, to be served concurrently. The district court also sentenced him to 84 months on Count 5 to be served consecutively to the term imposed on Counts 1 and 2. Bachiller and Aviles each received a sentence of life imprisonment on Counts 1 and 2, 240 months' imprisonment on Counts 3 and 4, and 180 months on Count 6, to be served concurrently, and 84 months' imprisonment on Count 5 to

run consecutively to the terms imposed on Counts 1 and 2. Defendants then perfected their appeals.

The issues presented on appeal are:

1. Whether sufficient evidence supports Bachiller's and Gomez's convictions.

2. Whether the district court abused its discretion by admitting evidence of other crimes as inextricably intertwined and pursuant to Federal Rule of Evidence 404(b).

3. Whether the district court abused its discretion by allowing the government to cross-examine Bachiller about the nature of his prior convictions, pursuant to Federal Rule of Evidence 609(a)(1).

4. Whether the prosecutor's remarks in closing argument denied Bachiller a fair trial.

5. Whether 21 U.S.C. §§ 841(b)(1)(A) and 851(e) are unconstitutional as applied to Aviles's sentence.

6. Whether the district court incorrectly calculated Gomez's and Bachiller's advisory guideline range.

We review the sufficiency of the evidence to support a conviction *de novo*. *United States v. McDowell*, 250 F.3d 1354, 1361 (11th Cir. 2001).

4

"This court reviews a district court's evidentiary rulings for a clear abuse of discretion." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003); *see United States v. Calderon*, 127 F.3d 1314, 1330-32 (11th Cir. 1997).

Absent a contemporaneous objection, we review for plain error a prosecutorial misconduct claim based on improper vouching. *United States v. Newton*, 44 F.3d 913, 920 (11th Cir. 1994).

"We review *de novo* constitutional challenges to a sentence." *United States v. Cantellano*, 430 F.3d 1142, 1144 (11th Cir. 2005).

We review a district court's determination of drug quantity used to establish a defendant's base offense level for clear error. *See United States v. McVay*, 447 F.3d 1348, 1352-53 (11th Cir. 2006).

After reviewing the record and reading the parties' briefs, we conclude that there is no merit to any of the arguments defendants make in this appeal. Accordingly, we affirm their convictions and sentences.

AFFIRMED.