[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13476
_____

D.C. Docket Nos. 0:06-cr-60304-DMM-1,
0:16-cv-61298-DMM

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ALBERT PICKETT,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 20, 2019)

Before MARCUS and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

MARCUS, Circuit Judge:

The district court granted Albert Pickett relief on a 28 U.S.C. § 2255 motion to vacate his sentence, ruling that, following changes in constitutional law regarding the Armed Career Criminal Act (ACCA), Pickett no longer qualified as an armed career criminal and was not eligible for an enhanced sentence. The government appealed but, before any briefing took place, this Court ruled in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), that § 2255 movants were required to meet a higher burden than the one the district court had applied. The parties agree that Beeman applies. We have applied it in this case and conclude that Pickett has not met the standard it sets. However, Pickett did not and could not know that he would be required to meet the heightened Beeman standard on appeal, and we cannot discern from the historical record and case law at the time of sentencing what the district court had in mind when it sentenced him. The district court has handled the case with great care, and had little reason to think, in 2007, that distinctions between various clauses in ACCA would take on such significance in the coming decade. We therefore vacate and remand this case to

_____

[*]Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

2

the district court, where Pickett will have the opportunity to make his case for relief under the new standard.

## I.

## A.

In 2006 Pickett pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Pickett had the requisite predicate offenses to qualify as an armed career criminal under ACCA.  The statute provides an enhanced sentence for a violation of § 922(g) by a defendant with three or more prior convictions for a "violent felony" or a "serious drug offense."  Id. § 924(e)(1).  Pickett's enhancement was based on four prior Florida convictions: strong armed robbery in 1988; battery on a law enforcement officer in 1991; aggravated battery on a pregnant victim in 1993; and battery on a law enforcement officer and resisting arrest with violence in 2001.

ACCA defines a "violent felony" as "any crime punishable by a term of imprisonment exceeding one year" that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)     is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

3

18 U.S.C. § 924(e)(2)(B) (emphasis added).  Subsection (i) is called the "elements clause."  The first part of subsection (ii) is known as the "enumerated offenses clause," and the second is the "residual clause."

On February 2, 2007, Pickett was sentenced to 180 months' imprisonment, to be followed by five years of supervised release.  He raised no objections to the Presentence Investigation Report (PSI), which included the four predicate offenses in the Guidelines calculation, or to the final sentence.  Nor did Pickett file a direct appeal with this Court.

Pickett lodged his first, unsuccessful § 2255 motion in 2010.  He claimed that, under a then-recent Supreme Court decision, Johnson v. United States (Curtis Johnson), 559 U.S. 133 (2010), he no longer had three qualifying predicate offenses.  Curtis Johnson had held that simple battery under Florida law was not categorically a violent felony under ACCA's elements clause because it could be committed by a mere touching and therefore did not necessarily have as an element the use of physical force.  Id. at 139–40.  Applying the modified categorical approach, a magistrate judge reasoned that Pickett's three battery convictions were violent felonies under the residual clause.  The district court adopted this reasoning, denied the motion on the merits, and also found that it was procedurally barred.

4

The residual clause thereafter was held unconstitutional by the Supreme Court in Johnson v. United States (Johnson), 135 S. Ct. 2551, 2563 (2015).  The Court concluded that it was impermissibly vague because "the indeterminacy of the wide-ranging inquiry required by the residual clause both denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."  Id. at 2557.  Johnson's rule was made retroactive in Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Pickett applied for leave to file the instant motion, his second § 2255 motion, in 2016, after Johnson and Welch.  He argued that, without the residual clause, none of the four convictions identified in his PSI as the basis for enhancement remained crimes of violence.  This meant he no longer had three predicate offenses under ACCA and did not qualify as an armed career criminal.  He petitioned for a Certificate of Appealability (COA), which this Court granted.  A panel of this Court observed that "[t]he record . . . [was] unclear as to which clause of the ACCA the district court relied on in enhancing Pickett's sentence."

The case then returned to the district court, the same court that had initially sentenced Pickett.  The court granted Pickett's motion and vacated his sentence.  At that time, the showing required to make a successful Johnson claim was not altogether clear.  One case had suggested in dicta that the movant had to "prove[] that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence."  In re Moore, 830 F.3d 1268, 1273 (11th Cir. 2016)

5

(per curiam).  Another said, also in dicta, that it was enough if "§ 924(c) may no longer authorize [the] sentence as that statute stands after Johnson" and would not have focused on historical inquiry about sentencing.  In re Chance, 831 F.3d 1335, 1341 (11th Cir. 2016).  The magistrate judge who issued a Report and Recommendation in Pickett's case adopted the latter standard, which is easier for a movant to meet.  The district court did not comment on this dispute, but adopted most of the magistrate judge's reasoning including the application of the lesser of the two burdens.  Under the applicable law in May 2017, Pickett lacked three convictions for violent felonies,[1] and so he was granted collateral relief under § 2255 by the district court at that time.

The district court entered an amended judgment that sentenced Pickett to 120 months' imprisonment plus six months' supervised release.  Since he had already served ten years, he was released from custody.  The government then filed this appeal.

---

[1] The district court found that the felony battery statute under which Pickett was convicted in 1991 was a divisible statute subject to the modified categorical approach, that the PSI was therefore not adopted and that based on the limited record the government had made available, his battery conviction was not a violent felony for ACCA purposes.  The 2001 battery on a law enforcement officer conviction remained a violent felony because it was accompanied by a conviction for resisting arrest with violence.  Finally, the court found that battery on a pregnant victim was also a divisible offense, and that based on the sparse record that conviction was not a violent felony either.

B.

After the government filed its appeal, but before any briefing had taken place, a panel of this Court decided Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), which provided a precedential answer to what a movant needed to show to succeed on a § 2255 motion.  See Beeman, 871 F.3d at 1221–22.  We concluded that the more stringent standard was appropriate, and the parties agree that it applies in this case.  Thus, "the movant must show that -- more likely than not -- it was use of the residual clause that led to the sentencing court's enhancement of [the movant's] sentence."  Id. at 1222.  The movant can succeed in the face of some uncertainty, but must show more than just equipoise -- the motion fails "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement."  Id.  Put simply, it must be more likely than not that the sentence was based on the residual clause and only the residual clause.  See id. at 1221–22.

Whether the residual clause was the basis for the sentencing court's enhancement is a question of "historical fact."  Id. at 1224 n.5.  To determine this "historical fact" we look first to the record, and then, if the record proves underdeterminative, we can look to the case law at the time of sentencing. Sometimes the answer will be clear -- "[s]ome sentencing records may contain direct evidence: comments or findings by the sentencing judge indicating that the

7

residual clause was relied on and was essential." Id. at 1224 n.4.  We might also look elsewhere in the record, to a PSI, for example, to find "circumstantial evidence." Id.

Denying relief in Beeman, we noted that the movant had identified no "precedent [from the time he was sentenced] holding, or otherwise making obvious, that a violation of [his state crime] qualified as a violent felony only under the residual clause." Id. at 1224.  Decisions that came down after the sentencing would "cast[] very little light, if any, on the key question of historical fact." Id. at 1224 n.5.

Here, by necessity, we also consider the state of the law involving a related statute.  Statutory definitions for battery on a law enforcement officer and battery on a pregnant victim are essentially defined as simple battery against a particular type of person.  See Fla. Stat. §§ 784.03 (simple battery); 784.045(b) (pregnant victim); 784.07(2) (law enforcement officer).  Battery on a law enforcement officer and battery on a pregnant victim thus have as their elements all the elements of simple battery plus the additional element of a particular identity for the victim. The elements clause requires that a felony "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  If battery on a law enforcement officer or battery on a pregnant victim were to qualify under the elements clause, the elements most likely to count

8

as "the use, attempted use, or threatened use of physical force" are those that the statutes incorporate from simple battery.Thus, in this case at least, looking to a related statute -- the simple battery statute -- is unavoidable and appropriate.

## II.

In a proceeding on a motion to vacate, set aside, or correct sentence, we review the district court's factual findings for clear error and legal determinations de novo.  Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008) (per curiam).

The parties agree that there is nothing in this record that tells us which clause the district court had in mind when it applied the ACCA enhancement.  As a result, the basic argument on appeal is about the state of the law in February 2007 when the ACCA enhancement was applied to Pickett's sentence.  To overcome Beeman, Pickett needs to show that it is more likely than not that the district court only relied on the residual clause.  Pickett does not have to show that the convictions only qualified under the residual clause -- this would be an escalation of the burden of proof above what Beeman requires.  Thus we are seeking to determine what the district court actually had in mind when it sentenced Pickett under ACCA.  As a result, absent clear precedent showing that the court could only have used one clause or another, a conviction's eligibility under one or the other clause cannot be determinative, see Beeman, 871 F.3d at 1224–25 & n.5, because

9

the conviction's arguable <u>qualification</u> under the elements clause would not necessarily mean the judge <u>relied</u> on that clause.

Pickett argues that, in 2007, Florida battery clearly qualified under the residual clause and that it was uncertain at best whether it also qualified under the elements clause. The government argues, however, that Florida battery did qualify under the elements clause so, regardless of whether it qualified under the residual clause, it's not "more likely than not" that the district court only relied on the residual clause. The government says the court would have had no reason not to rely on both.

The convictions for battery on a law enforcement officer and battery on a pregnant victim almost certainly qualified under the residual clause, though no binding precedent said as much at the time. At the time of Pickett's sentencing, all we required to apply the residual clause was that the prohibited conduct "present[] a substantial risk of physical injury to another." <u>United States v. McGill</u>, 450 F.3d 1276, 1282 (11th Cir. 2006) (emphasis removed); <u>see also</u> <u>United States v. Gunn</u>, 369 F.3d 1229, 1238 (11th Cir. 2004). We didn't need to ask, for example, whether "hostile, aggressive acts" were involved. <u>McGill</u>, 450 F.3d at 1280. Pickett also cites an unpublished decision from 2001, <u>United States v. Rozier</u> ("<u>Rozier I</u>"), 37 F. App'x 499 (11th Cir. 2002) (per curiam) (table) (unpublished), in which we said that Florida battery qualified under the residual clause. But not

10

only was Rozier I unpublished in the typical sense that it was not printed in the Federal Reporter, but it did not even appear in the Federal Appendix except as a table decision.  See id.  Since Rozier I is nonbinding and difficult to locate, there is precious little reason to think the district court followed or even saw this case.  It would not have needed to dig so deep in order to find that the convictions easily qualified under the residual clause.

At oral argument in this case, Pickett's counsel drew our attention to a footnote in the district court order granting Pickett's relief in which the court noted that "Mr. Pickett had little reason to object to the PSI given the residual clause." This comment does not add very much.  We read the district court to be referring to the residual clause because that was the most obvious clause under which the convictions qualified.  Even if this was the ground on which any objection would most obviously fail, that does not necessarily mean even by implication that the elements clause could not also have been relied on.  The footnote, therefore, adds very little to our understanding of what the district court was thinking in 2007.

If, indeed, the district court thought the four predicate offenses qualified under the residual clause, this would only get Pickett halfway.  He also needs to show that it is unlikely that the trial court thought the convictions also qualified under the elements clause.  On this point, Pickett notes that Rozier I held that battery on a law enforcement officer did not categorically satisfy the elements

clause.  He also points to United States v. Wright, 181 F. App'x 914 (11th Cir.

2006) (per curiam), in which we said that "battery is not always a violent felony,"

while citing a Fourth Circuit case holding that Maryland battery did not always

satisfy the elements clause.  Id. at 917 (citing United States v. Simms, 441 F.3d

313, 315 (4th Cir. 2006)).  Nothing in this collection of cases amounts to binding

precedent and, as we've said, we find it doubtful that the district court even saw

Rozier I.

Against this, the government points us to United States v. Glover, 431 F.3d

744 (11th Cir. 2005) (per curiam), where this Court observed that "battery on a law

enforcement officer is a crime of violence" under a provision of the Sentencing

Guidelines that mirrored the language of the elements clause.[2]  Id. at 749.  In

Glover, among other issues, the defendant had claimed that his sentence was

infected by constitutional error under United States v. Booker, 543 U.S. 220

(2005).  Glover, 431 F.3d at 748–49.  A constitutional Booker error occurs when a

sentence is enhanced "based on facts found by the judge that were neither admitted

by the defendant nor found by the jury."  Id. at 749 (citation omitted).  Glover

argued that the district court had found the fact "that his offense of battery on a law

---

[2] The definition of "violent felony" under ACCA is nearly identical to the definition of "crime of violence" under the Sentencing Guidelines, and both definitions have included an identical residual clause.  18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.2(a)(2)(2006).  As a result, decisions about one have been applied to the other.  See United States v. Matchett, 802 F.3d 1185, 1193–94 (11th Cir. 2015).

enforcement officer constitutes a 'crime of violence,'" but we explained two reasons why this was not the case: first, "Booker left undisturbed the 'prior convictions' exception to the rule that a jury must find facts that enhance a sentence," and "[s]econd, whether a previous conviction is a 'crime of violence' is a question of law, not of fact," because it requires interpreting the Guidelines. Id. The statement that "battery on a law enforcement officer is a crime of violence" follows in the next paragraph. Id.

In context, it seems to us that this statement is dicta. See e.g., Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010) ("All statements that go beyond the facts of the case . . . are dicta."); United States v. Eggersdorf, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997) (defining dicta as language "not necessary to deciding the case then before us"); see also United States v. Hunter, 172 F.3d 1307, 1310 (11th Cir. 1999) (E. Carnes, J., concurring) ("The holdings of a prior decision can reach only as far as the facts and circumstances presented to the Court in the case which produced that decision."). Either of the reasons offered by this Court why the district court had not impermissibly found a fact would have sufficed as a holding on the constitutional Booker issue, and neither alternative holding appears to have turned on the court's observation that battery on a law enforcement officer was a crime of violence. See id. What's more, Glover concluded by vacating the entire sentence because of a statutory Booker error, see id. at 750, thus rendering

13

the entire constitutional discussion unnecessary and, arguably, dicta. As a result, nothing that Glover had to say on this matter would have been any more binding than the unpublished opinions Pickett has cited. See e.g., Edwards, 602 F.3d at 1298 ("[D]icta is not binding on anyone for any purpose.").

The government also points to cases that came after Glover and after Pickett's sentencing which characterized Glover as having held that battery on a law enforcement officer was a crime of violence. E.g., United States v. Young, 527 F.3d 1274, 1277–78 (11th Cir. 2008) (per curiam) ("We have held that battery on a law enforcement officer is a crime of violence." (citing Glover, 441 F.3d at 749)). However, cases postdating the sentencing "cast[] very little light, if any, on the key question of historical fact." Beeman, 871 F.3d at 1224 n.5.

Thus, we are unable to conclude that it is more likely than not that the district court relied only on the residual clause. Faced with this uncertain precedential landscape, the district court likely would have quickly determined that Pickett's battery convictions qualified under the residual clause, but we do not know what else it might have thought. The case law would not have given any firm answers about the elements clause, so it appears to us to be a very weak circumstantial read upon which to infer what the district court thought. We cannot know either what the court thought about the elements clause -- or even whether the court thought about it at all. With the residual clause plainly available, the

14

district court would not have needed to consider the elements clause at all, but we genuinely do not know what actually happened. Pickett has, accordingly, failed to carry a burden he did not know would apply when he argued before the district court at the time he was resentenced.

### III.

Because the parties had no occasion to address the requirement established by Beeman in the district court, a remand is appropriate. See Schumann v. Collier Anesthesia, P.A., 803 F.3d 1199, 1203 (11th Cir. 2015) (remanding after this Court adopted a new legal test "[t]o allow the district court to apply this test in the first instance and, if the district court desires, to give the parties an opportunity to further develop the record to address the components of the test"); see also Thomas v. Att'y Gen., 795 F.3d 1286, 1294 (11th Cir. 2015) (remanding in a postconviction case and directing the district court "to consider the intervening changes" in applicable law from the Supreme Court and Eleventh Circuit). On remand, the district court shall apply the new standard this Court enunciated in Beeman to the facts and circumstances as he may find them in this case. See Long v. United States, 626 F.3d 1167, 1170 (11th Cir. 2010) (per curiam) (remanding in a § 2255 case because "we have long required the district courts . . . to facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues."). The district court obviously is in

15

a better position than we are to evaluate what likely happened in 2007, especially since we are remanding this case to the very judge who initially sentenced Pickett. Accordingly, we vacate and remand for further proceedings consistent with this opinion.  On remand, the district court should consider in the first instance whether Pickett can show, as a historical fact, that he was more likely than not sentenced under only the residual clause.  See Beeman, 871 F.3d 1221–22.

**VACATED AND REMANDED.**