[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13869
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00361-RH-CAS

JUAN CARLOS RICHARDSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 2, 2020)

Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Juan Carlos Richardson appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  In denying Richardson's § 2255 motion, the district court determined Richardson was unable to carry his burden under *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), as he failed to show it was more likely than not the district court relied on the ACCA's residual clause to qualify his felony battery conviction as a violent felony.  The district court judge—who was the very judge who originally sentenced Richardson—noted that, under the applicable law at the time Richardson was sentenced, his battery conviction still would have qualified as a violent felony under this Court's 2005 decision in *United States v. Glover*, 431 F.3d 744 (11th Cir. 2005).  As a result, the district court stated, "[h]ad § 924(e) contained no residual clause—or had *Johnson* already held the residual clause unconstitutional—I still would have treated Mr. Richardson as a § 924(e) armed career criminal, based on the two cocaine convictions, the battery conviction, and *Glover*."

Nevertheless, the district court granted a certificate of appealability ("COA") on one issue: whether Richardson's § 924(e) conviction is constitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  After review,[1] we affirm.

---

[1] When reviewing a district court's denial of a 28 U.S.C. § 2255 motion, we review

2

The ACCA mandates a minimum sentence of 15 years' imprisonment for any defendant convicted of being a felon in possession of a firearm who has 3 previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B). The first prong of this definition is commonly referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The Supreme Court in *Johnson* held that the residual clause of the definition is unconstitutionally vague but clarified that its decision did not call into question the remainder of the definition. *Johnson*, 135 S. Ct. at 2557–58, 2563.

In *Beeman*, this Court held a § 2255 movant seeking relief under *Johnson* must prove that it was "more likely than not" that the use of the residual clause led

---

questions of law *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

3

the sentencing court to impose the ACCA enhancement. *Beeman*, 871 F.3d at 1221–22. In assessing whether a movant has met his burden under *Beeman*, the relevant issue is one of "historical fact"—whether at the time of sentencing the defendant was sentenced *solely* under the residual clause. *Id.* at 1224 n.5. "To determine this 'historical fact' we look first to the record, and then, if the record proves underdeterminative, we can look to the case law at the time of sentencing." *United States v. Pickett*, 916 F.3d 960, 963 (11th Cir. 2019). Where the record is silent and the evidence is not clear as to what happened, the movant—the "party with the burden"—loses. *Beeman*, 871 F.3d at 1224–25.

The conviction at issue here is Richardson's 2006 conviction for battery on an inmate, in violation of Fla. Stat. § 784.082. In Florida, a person commits a misdemeanor battery when he: "1. [a]ctually and intentionally touches or strikes another person against the will of the other; or 2. [i]ntentionally causes bodily harm to another person." *Id.* § 784.03(1)(a). However, if the person who commits the battery is "being detained in a prison, jail or other detention facility" and batters "any other detainee in the detention facility," then that battery is reclassified as a felony in the third degree. *Id.* § 784.082(3). Battery committed by an inmate on another inmate shares the same elements as Fla. Stat. § 784.03(1)(a). *See id.* § 784.082.

4

The parties agree there is nothing in the record of Richardson's initial sentencing proceeding that clarifies which clause or clauses the district court had in mind when it sentenced Richardson.  Looking instead to the caselaw at the time of sentencing, Richardson argues he met his burden under *Beeman* because his felony battery conviction could *only* have qualified as a violent felony under the ACCA's residual clause at the time he was sentenced.  It is true that, as this Court noted in *Beeman*,  "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony, that circumstance would strongly point to a sentencing per the residual clause." *Beeman*, 871 at 1224 n.5.  The problem here is, contrary to Richardson's assertions, the law at the time of Richardson's sentence was not at all clear with regard to Florida battery.[2]

As this Court has recently observed, at the time of Richardson's sentencing in 2007, it was unclear from the existing precedent whether a Florida battery conviction would have qualified under the ACCA's elements clause.  *See Pickett*,

---

[2] Richardson also asserts it is "undisputed" that, were he sentenced today, his Florida battery conviction would not qualify as a violent felony under the ACCA's elements clause.  But we recently addressed whether a conviction under Fla. Stat. § 784.082 qualified as a crime of violence under the United States Sentencing Guidelines.  We held that Florida battery, as defined in § 784.03, is divisible and that battery accomplished by intentionally causing bodily harm—as distinct from battery by touching or striking—constitutes a crime of violence under the Sentencing Guidelines.  *United States v. Gandy*, 917 F.3d 1333, 1339 (11th Cir. 2019).  Thus, to the extent Richardson's battery conviction was for battery by intentionally causing bodily harm, that conviction would qualify as a violent felony and he would not be entitled to relief under *Johnson*.

5

916 F.3d at 966 ("Faced with this uncertain precedential landscape, the district court likely would have quickly determined that Pickett's battery convictions qualified under the residual clause, but we do not know what else it might have thought."). In the face of such uncertainty—and in the absence of any clear indication in the record as to what the district court was thinking—a movant has failed to meet his burden under *Beeman*. *See id.*; *Beeman*, 871 F.3d at 1224–25.

Richardson argues *Pickett* stands for the proposition that in the face of such uncertainty, he is entitled to a remand and resentencing. But while we remanded Pickett's case to the district court, that was because this Court decided *Beeman* while Pickett's appeal was pending. *Pickett*, 916 F.3d at 963. Because neither Pickett nor the government had any occasion to address *Beeman*'s requirements, this Court remanded to the district court to determine, in the first instance, what happened when Pickett was originally sentenced. *Id.* at 967. The district court, we reasoned, was in a much better position to made that determination, especially since the judge presiding over Pickett's § 2255 proceedings was the same judge who initially sentenced him. *Id.*

Here, in contrast, both parties and the district court were aware of *Beeman* and specifically addressed it. Indeed, the district court judge—who, like in *Pickett*, was the same judge who initially sentenced Richardson—has told us what he made of the admittedly "uncertain precedential landscape," indicating he relied on our

2005 decision in *United States v. Glover*, where we observed that "battery on a law enforcement officer is a crime of violence" under a provision of the Sentencing Guidelines that mirrored the language of the ACCA's elements clause.  431 F.3d at 749.  We have since recognized that this statement in *Glover* was best understood as dicta that would not have bound a district court faced with determining whether a particular Florida battery conviction qualified as a violent felony.  *Pickett*, 916 F.3d at 965–66.  But that says nothing about whether the district court, as a matter of "historical fact," viewed it as binding and relied on it at the time, as it apparently did here.

For the reasons discussed above, we agree and accordingly affirm the district court's denial of Richardson's § 2255 motion to vacate his sentence.

**AFFIRMED.**