[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11093
Non-Argument Calendar

_____

D.C. Docket Nos. 3:17-cv-00178-RV-EMT; 3:97-cr-00068-RV-EMT-1

JOSEPH FENELON COOPER,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 12, 2021)

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Joseph Fenelon Cooper appeals the district court's dismissal of his second and successive section 2255 motion. We affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 7, 1997, Cooper, armed with a pistol, entered First Union Bank in Tallahassee, Florida. Cooper banged his pistol on the counter, warned the teller "this isn't a joke, [g]ive me the money," and left the bank with $2,418.

A few weeks later, on March 31, 1997, Cooper and two co-conspirators planned to rob the Premier Bank in Tallahassee after carjacking a taxi. They successfully stole the cab, but when they got to the bank, they noticed that it was busy. They decided to wait for "business to slow down," and began circling the bank in the stolen cab. But their plans were thwarted when a police officer spotted the stolen cab and attempted to pull them over. Cooper and his co-conspirators fled and eventually abandoned the stolen cab, leaving a loaded handgun in the back seat. In the process of fleeing, they also left behind a backpack containing gloves, masks, a hammer, and another handgun. They were eventually caught and arrested. Cooper's co-conspirators admitted that they planned to use the guns during the robbery.

In connection with the attempted robbery of Premier Bank, Cooper was charged with attempting bank robbery, in violation of 18 U.S.C. section 2113(a), and possessing a firearm during a crime of violence, in violation of 18 U.S.C. section

2

924(c).[1]  As to the attempted bank robbery, the indictment charged that Cooper "attempt[ed], by force, violence, and intimidation, to take from the presence of another, United States currency belonging to and in the care, custody, control, management, and possession of the Premier Bank," in violation of 18 U.S.C. section 2113(a).  And, as to possessing a firearm during a crime of violence, the indictment charged that the attempted bank robbery was the predicate "crime of violence" under section 924(c).  A jury convicted Cooper of both charges.

Cooper moved for a judgment of acquittal.  The district court denied the motion, and, as to the possession of a firearm in connection with a crime of violence charge, the district court concluded that it could "construe [it] as applying to an armed bank robbery as being one of those crimes, and an attempted bank robbery to be sufficient, to be a crime of violence."  The district court then sentenced Cooper to one hundred sixty months' imprisonment for attempted bank robbery and sixty months' imprisonment for possessing a firearm during a crime of violence.  Cooper appealed, and we affirmed.  United States v. Cooper, 176 F.3d 492 (11th Cir. 1999).

---

[1] For his role in the completed robbery of First Union Bank, Cooper was convicted of (1) conspiring to commit bank robbery, (2) armed bank robbery, and (3) possessing a firearm in connection with a crime of violence. Cooper does not challenge these convictions in his section 2255 motion.

3

In 2000, Cooper filed a section 2255 motion to vacate his convictions. The district court denied his motion, and we denied his request for a certificate of appealability.

Then, in 2016, after the Supreme Court held in Johnson v. United States, 576 U.S. 591 (2015) that the residual clause of the Armed Career Criminal Act was unconstitutionally vague, Cooper sought permission to file a second section 2255 motion. We granted him permission as to his section 924(c) conviction because we could not "definitively say that the attempted-bank-robbery charge against Cooper involved the use, attempted use, or threatened use of physical force against another." So, we directed the district court to consider his claim and determine whether Cooper's motion satisfied the requirements of section 2255(h).

Cooper argued that "under the facts of this case" his attempted bank robbery could only have been a crime of violence under the residual clause because the evidence at his trial "did not establish force or intimidation in any way" as it related to the attempted bank robbery. Cooper also argued that because his statute of conviction, 18 U.S.C. section 2113(a), contained two ways to commit attempted bank robbery, one of which did not require proof of force or intimidation, it could not be considered a crime of violence except under the residual clause.[2] And,

---

[2] Under section 2113(a), there are two ways to commit attempted bank robbery.

4

because the government did not show force or intimidation, Cooper argued, he could only have been convicted under paragraph two of section 2113(a), which did not include force, violence, or intimidation as an element.

The district court dismissed Cooper's second section 2255 motion because he failed to satisfy the requirements of section 2255(h). The district court explained that Cooper had to show that it was "more likely than not that the residual clause, and only the residual clause, was the basis for the conviction." The district judge—who was the judge that sentenced Cooper—found that he relied exclusively on the elements clause of section 924(c)(3). The district court also found that our decisions after Cooper's conviction confirmed that attempted bank robbery "qualifie[d] as an elements clause crime of violence." The district court explained that bank robbery was a crime of violence under section 924(c)(3)'s elements clause, see In re Sams,

---

[(1)] Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

[(2)] Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

830 F.3d 1234, 1239 (11th Cir. 2016) (per curiam), and that "attempted crimes of violence may also categorically qualify [as crimes of violence] under [section] 924(c)(3)(A)."

We granted a certificate of appealability to determine:

Whether the district court erred in finding that Cooper failed to satisfy his burden under Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), to show that he was unconstitutionally sentenced under the residual clause of 18 U.S.C. [section] 924(c), when he was convicted of attempted armed bank robbery.

## STANDARD OF REVIEW

When reviewing a district court's dismissal of a section 2255 motion, we review the district court's factual findings for clear error and legal determinations de novo.  United States v. Pickett, 916 F.3d 960, 964 (11th Cir. 2019).

## DISCUSSION

Section 924(c) of the Armed Career Criminal Act makes it a separate crime, punishable by a five-year minimum sentence consecutive to any other sentence, to use or carry a firearm "during and in relation to," or possess a firearm "in furtherance of," any "crime of violence."  18 U.S.C. § 924(c).  The Act defines a "crime of violence" as a felony offense that:  (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Id.

6

§ 924(c)(3)(A)–(B). The first part of the definition is known as the elements clause, and the second part is known as the residual clause. Granda v. United States, 990 F.3d 1272, 1284 (11th Cir. 2021). In United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that section 924(c)(3)'s residual clause was unconstitutionally vague.

Cooper argues that the district court erred by dismissing his section 2255 motion because he met his burden "to show that his [section] 924(c) conviction resulted from application of solely the residual clause." See In re Hammoud, 931 F.3d 1032, 1041 (11th Cir. 2019) (per curiam) (explaining that the section 2255 movant "bear[s] the burden of showing he is actually entitled to relief on his Davis claim, meaning he will have to show that his [section] 924(c) conviction resulted from application of solely the residual clause"). Cooper contends that, because the government did not establish force or intimidation in connection with his attempted bank robbery, his conviction must have been under the second paragraph of section 2113(a), which could only have been a crime of violence under section 924(c)(3)'s residual clause. We disagree.

In Granda, we held that collateral relief for a Davis claim is subject to harmless error review. 990 F.3d at 1292. The harmless error standard provides that "relief is proper only if we have grave doubt" about whether an error, including improperly relying on section 924(c)(3)'s invalid residual clause, had a "substantial

and injurious effect or influence in determining the . . . verdict." Id. (quoting Davis v. Ayala, 576 U.S. 257, 267–68 (2015)).  Put another way, we may only grant relief "if the error 'resulted in actual prejudice.'"  Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)).  To show actual prejudice, we must "ask directly whether the error substantially influenced" the court's decision.  Id. (internal quotation marks omitted).  It is not enough that the court could have relied on the now-invalid residual clause; we can only grant relief if Cooper can show that the court did rely on the residual clause.  Id. at 1288.  Here, we have no "grave doubt" about whether Cooper was convicted and sentenced based solely on the residual clause because the district court's findings, the indictment, and the jury instructions show that the district court relied on the elements clause.

First, the district court found that it relied solely on the elements clause of section 924(c)(3) to determine that attempted bank robbery was a crime of violence. "The district court obviously is in a better position than we are to evaluate what likely happened [at sentencing]," especially since this is the same judge who initially sentenced Cooper.  See Pickett, 916 F.3d at 967.  And Cooper has not shown that the district court's conclusion—that it relied solely on section 924(c)(3)'s elements clause—was clearly erroneous because he has not identified any evidence in the trial or sentencing record contradicting the district court's conclusion.  See id. at 964 (reviewing a district court's factual findings for clear error).

8

Second, the indictment supports the conclusion that the district court relied on the elements clause because the indictment based the section 924(c) charge on attempted bank robbery under the first paragraph of section 2113(a). The indictment charged that Cooper "attempt[ed], by force, violence, and intimidation, to take from the presence of another, United States currency belonging to and in the care, custody, control, management, and possession of the Premier Bank" in violation of 18 U.S.C. section 2113(a). This charge mirrors almost exactly the first paragraph of section 2113(a). See 18 U.S.C. § 2113(a) ("Whoever, by force and violence, or by intimidation, . . . attempts to take, from the person or presence of another, . . . money . . . in the care, custody, control, management, or possession of, any bank"). And, attempted bank robbery under the first paragraph of section 2113(a) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." See id. § 924(c)(3)(A).

Moreover, "a bank robbery conviction under [section] 2113(a) by force and violence or by intimidation qualifies as a crime of violence" under the elements clause of section 924(c). In re Sams, 830 F.3d at 1239. And, when a substantive offense qualifies as a crime of violence under the elements clause, an attempt to commit that offense is itself a crime of violence "given [section] 924(c)'s 'statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to

9

commit all elements of the completed crime.'" United States v. St. Hubert, 909 F.3d 335, 352 (11th Cir. 2018) (citation omitted), abrogated on other grounds by Davis, 139 S. Ct. 2319. So, even where a defendant's actions in attempting bank robbery "fall[] short of actual or threatened force, the robber has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed." Id. at 353 (discussing attempted Hobbs Act robbery).[3]

Third, like the indictment, the jury instructions reinforce the conclusion that the district court relied on the elements clause in determining that Cooper's attempted bank robbery conviction was a crime of violence. Here, "there is no uncertainty about whether the jury in [Cooper's] case relied on a predicate offense that is a violent crime." See In re Price, 964 F.3d 1045, 1048 (11th Cir. 2020). The jury instructions told the jury that it only could convict Cooper of possessing a firearm in connection with a crime of violence if it found him guilty of attempted bank robbery. The instructions also explained that:

> [Cooper] can be found guilty of [attempted bank robbery] only if all of the following facts are proved beyond a reasonable doubt:
>
> First: That [Cooper] knowingly attempted to take from the person or the presence of the person described in the indictment, money or

---

[3] Cooper argues that St. Hubert was wrongly decided and should be overturned. But "we are bound by all prior panel decisions, 'unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.'" Hylor v. United States, 896 F.3d 1219, 1226 (11th Cir. 2018) (alteration adopted) (quoting United States v. Deshazior, 882 F.3d 1352, 1355 (11th Cir. 2018)).

10

property then in the possession of a federally insured bank as charged; and

Second: That [Cooper] intended to do so <u>by means of force or violence or by means of intimidation</u>.

(emphasis added). The jury instructions continued: "To take 'by means of intimidation' is to say or do something in such a way that a person of ordinary sensibilities would be fearful of bodily harm. . . . The essence of the offense is the taking of money or property aided and accompanied by intentionally intimidating behavior on the part of [Cooper]." The jury instructions did not say Cooper could be convicted for merely attempting to enter the bank (i.e., committing attempted bank robbery under the second paragraph of the attempted bank robbery statute); rather, they required the jury to find that Cooper attempted to take money from the bank "by means of force or violence or by means of intimidation." Thus, the jury instructions show that when the district court looked to them to determine if Cooper's attempted bank robbery conviction was a crime of violence, it considered the first paragraph of the attempted bank robbery statute, <u>see</u> 18 U.S.C. § 2113(a), which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," <u>see</u> 18 U.S.C. § 924(c)(3)(A).

Because the indictment and jury instructions show that Cooper was convicted and sentenced under the first paragraph of the attempted bank robbery statute, and Cooper has not pointed to any evidence showing that the district court clearly erred

11

by concluding that it relied solely on the elements clause, Cooper cannot show that the district court relied on section 924(c)(3)'s residual clause.  In sum, this record does not show a "substantial likelihood" that the district court did not rely in whole or in part on the elements clause when sentencing Cooper.  See Granda, 990 F.3d at 1288.

**AFFIRMED**.