[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12945

Non-Argument Calendar

_____

EMILIO GOMEZ,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:16-cv-22057-DPG

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Emilio Gomez appeals the district court's denial of his successive section 2255 motion collaterally attacking his conviction for possessing a firearm in furtherance of a crime of violence or drug trafficking crime, in violation of 18 U.S.C. section 924(c), because it "may have rested" on an invalid predicate offense. Because Gomez's arguments are foreclosed by our recent decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021), we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 25, 2006, a confidential informant met Nelson Peña, Gomez's eventual coconspirator, and discussed a plan to rob a cocaine-filled tractor-trailer. Peña later introduced the informant to Gomez and Reynaldo Aviles, another future coconspirator, and the four met to discuss plans to rob the tractor-trailer at gunpoint. At the meeting, Gomez suggested that they rob the tractor-trailer dressed as the police and steal the drugs but leave the tractor-trailer behind.

During the evening of September 6, 2006, Gomez, Peña, Aviles, and three others "got everything ready"—"the guns and stuff"—and discussed their plan to wear "police shirts" and shout "police" as they approached the tractor-trailer so the driver would "get scared and give [them] everything." Gomez, Peña, and Aviles then met with the informant at a gas station to do a "drive-by" of

the tractor-trailer, and Peña told the informant that they planned to bring firearms for the robbery.

After the drive-by, the crew rendezvoused back at the gas station and drove three cars to the warehouse where they expected to find the tractor-trailer; Gomez was one of the drivers. When they arrived, three members of the crew approached the tractor-trailer, and one screamed "police" as another opened the tractor-trailer door—all according to plan. But the real police were there waiting. A shootout ensued, and the police killed one member of the crew and wounded another. The police then arrested Gomez.

A grand jury indicted Gomez for: (1) conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 846; (2) attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 846; (3) conspiring to commit a Hobbs Act robbery, in violation of 18 U.S.C. section 1951(a); (4) attempting to commit a Hobbs Act robbery, in violation of 18 U.S.C. section 1951(a); (5) possessing a firearm during a drug trafficking crime or a crime of violence, in violation of 18 U.S.C. section 924(c)(1)(A); and (6) possessing a firearm as a felon, in violation of 18 U.S.C. section 922(g)(1). As to the possessing a firearm during a drug trafficking crime or crime of violence charge, the indictment alleged that Gomez possessed a firearm in furtherance of the first four counts: the cocaine distribution charges and the Hobbs Act robbery charges were all listed as predicate offenses.

The jury found Gomez guilty on all counts in a general verdict. The district court then sentenced Gomez to life imprisonment on the drug charges, 240 months on the Hobbs Act charges, and 120 months for possessing a firearm as a felon, all served concurrently; and 84 months for possessing a firearm during a drug trafficking crime or a crime of violence, to be served consecutively. We upheld Gomez's convictions and sentences on direct appeal. See generally United States v. Gomez, 302 F. App'x 868 (11th Cir. 2008). In 2009, Gomez filed an unsuccessful section 2255 motion.

In 2016, after the Supreme Court held in Johnson v. United States, 576 U.S. 591, 597 (2015), that the residual clause of the Armed Career Criminal Act was "unconstitutionally vague," Gomez sought permission to file a second section 2255 motion. We granted his application because we couldn't tell which count the jury relied on when it convicted him of possessing a firearm during a drug trafficking crime or a crime of violence and because we hadn't yet decided whether attempted Hobbs Act robbery was "categorically" a crime of violence under section 924(c)'s elements clause. In re Gomez, 830 F.3d 1225, 1227–28 (11th Cir. 2016).

Gomez then filed his second section 2255 motion. In it, he argued that, because conspiracy to commit Hobbs Act robbery under 18 U.S.C. section 1951 was a crime of violence only under section 924(c)(3)'s residual clause, which was unconstitutionally vague, his section 924(c) conviction may have rested on an invalid predicate. The government opposed Gomez's motion, arguing that Gomez procedurally defaulted his vagueness claim and that

the claim failed on the merits because *Johnson* didn't apply to section 924(c).

Several legal developments followed the government's response. First, we held that attempted Hobbs Act robbery categorically qualifies as a crime of violence under section 924(c)(3)'s elements clause. *See United States v. St. Hubert*, 909 F.3d 335, 351–53 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Second, the Supreme Court extended the reasoning of *Johnson* to hold that section 924(c)(3)'s residual clause was "unconstitutionally vague." *Davis*, 139 S. Ct. 2336; *see also Granda*, 990 F.3d at 1283–84 (discussing the legal developments since *Johnson*). And third, post-*Davis*, we held that conspiracy to commit Hobbs Act robbery is not a crime of violence. *See Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019).

In 2020, the district court denied Gomez's motion. The district court concluded that Gomez "demonstrated cause for his failure to raise his *Davis* claim on direct review since the legal basis for his claim was 'not reasonably available to counsel at the time of [Gomez]'s appeal,'" but that he "could neither establish that he was actually innocent of violating [section] 924(c) . . . nor that the now-defunct residual clause played any role in his [section] 924(c) conviction." The district court concluded that Gomez "could not establish prejudice and was thus procedurally defaulted from bringing his *Davis* claim." It then issued a certificate of appealability to address: (1) "the correct legal standard that [Gomez] must meet in

6                    Opinion of the Court                    20-12945

order to prove that he is entitled to relief[,] and (2) the precedential weight that should be afforded to prior published panel decisions on applications for second or successive motions to vacate."

## STANDARD OF REVIEW

We review the district court's section 2255 factual findings for clear error and its legal determinations de novo.  *United States v. Pickett*, 916 F.3d 960, 964 (11th Cir. 2019).

## DISCUSSION

The Armed Career Criminal Act makes it a separate crime to use or carry a firearm "during and in relation to," or possess a firearm "in furtherance of," any "crime of violence or drug trafficking crime."  18 U.S.C. § 924(c)(1)(A) (2006) (amended 2018).  The Act defines a "crime of violence" as a felony offense that:  (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"; or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  *Id.* § 924(c)(3)(A)–(B).  The first part of the definition is known as the "elements clause," and the second part is known as the "residual clause."  *Granda*, 990 F.3d at 1284.  In *Davis*, the Supreme Court held that section 924(c)(3)'s residual clause was unconstitutionally vague.  139 S. Ct. at 2336.

Gomez argues that, because 924(c)(3)'s residual clause is unconstitutionally vague and his conspiracy to commit Hobbs Act

robbery conviction doesn't qualify as a "crime of violence" under 924(c)(3)'s elements clause, his section 924(c) conviction "may have rested" on a constitutionally invalid predicate. He contends that "the jury's general verdict" makes it "impossible to say" which predicate offense the jury relied on for its verdict. So, he says, the district court erred in denying his motion.

The government responds that Gomez procedurally defaulted his claim by not raising it on direct appeal. "Gomez has no cause to excuse his default" because his vagueness challenge was not "novel," the government argues, and Gomez cannot show "actual prejudice" or "actual innocence." The government continues that, "[e]ven if he had not procedurally defaulted his claim, Gomez is not entitled to relief on the merits" because "the Hobbs Act conspiracy predicate is inextricably intertwined with the three other, still-valid predicate offenses." According to the government, "if the jury found that Gomez possessed a firearm in furtherance of his conspiracy to commit Hobbs Act robbery," there "can be no grave doubt" that the jury "also found that he possessed a firearm in furtherance of the other crime of violence and drug trafficking predicates of which the jury convicted him."

We agree with the government and conclude that Gomez's appeal is controlled by our recent decision in *Granda*. *Granda* answered the first issue in Gomez's certificate of appealability: to overcome the procedural default, it was Gomez's "burden to show a substantial likelihood of actual prejudice." *See* 990 F.3d at 1291. And "relief is proper only if the court has grave doubt about

whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 1292 (alteration adopted). Gomez hasn't made either showing. We conclude, like in *Granda*, that Gomez's claim is procedurally defaulted, and, even if it wasn't, he hasn't shown grave doubt that the residual clause error had a substantial and injurious effect on the jury's verdict.

We have already answered the second issue in Gomez's certificate of appealability about the precedential weight afforded to prior published panel decisions on second and successive section 2255 applications: the "prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions."[1] *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015); *St. Hubert*, 909 F.3d at 346 (same).

*Procedural Default*

A prisoner may move to vacate his sentence under section 2255 because it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). But a section 2255 claim may be procedurally defaulted if the movant could have

---

[1] Gomez argues that we should take the "opportunity" to reconsider this rule. But "we are bound by all prior panel decisions, 'unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.'" *Hylor v. United States*, 896 F.3d 1219, 1223–24 (11th Cir. 2018) (alteration adopted and citation omitted).

20-12945                Opinion of the Court                9

raised the issue, but failed to, on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). A movant can overcome the procedural default by establishing either "cause and actual prejudice," or "that he is actually innocent." *Id.* (cleaned up).

"Where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim." *Granda*, 990 F.3d at 1286 (alteration adopted and citation omitted). "To establish novelty 'sufficient to provide cause' based on a new constitutional principle, [a movant] must show that the new rule was 'a sufficiently clear break with the past, so that an attorney representing him would not reasonably have had the tools for presenting the claim.'" *Id.* (alteration adopted and citation omitted). "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citation omitted). For this reason, futility doesn't constitute cause where the movant's argument was simply "unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (citation omitted).

Gomez did not argue in the trial court, or on direct appeal, that his section 924(c) conviction was invalid because the residual clause was unconstitutionally vague. "He, therefore, procedurally defaulted this claim and cannot succeed on collateral review unless he can either (1) show cause to excuse the default *and* actual prejudice from the claimed error, or (2) show that he is actually

innocent" of the section 924(c) conviction. *See Granda*, 990 F.3d at 1286. Because Gomez hasn't shown "cause and actual prejudice" or "actual innocence," he defaulted on his claim. *See Bousley*, 523 U.S. at 622–23 (citation omitted).

## Cause

In *Granda*, we rejected the movant's contention that his section 924(c) vagueness challenge was sufficiently novel to establish cause to excuse his procedural default. *Id.* at 1285–88. Although *Davis* announced a new constitutional rule with retroactive application, *In re Hammoud*, 931 F.3d 1032, 1038–39 (11th Cir. 2019), Granda needed to "show that the new rule was 'a sufficiently clear break with the past, so that an attorney representing him would not reasonably have had the tools for presenting the claim,'" *Granda*, 990 F.3d at 1286 (alteration adopted and citation omitted). We determined that Granda's claim didn't fit into any of the three circumstances where novelty might constitute cause for defaulting a claim: (1) "when a decision of the Supreme Court explicitly overrules one of its precedents"; (2) "when a Supreme Court decision overturns a 'longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) "when a Supreme Court decision disapproves of 'a practice the Supreme Court arguably has sanctioned in prior cases.'" *Id.* (alterations adopted and citation omitted). We concluded that Granda failed to show cause to excuse his procedural default because "[t]he tools existed to challenge myriad other portions of [section] 924(c) as vague" and

therefore those tools "existed to support a similar challenge to its residual clause." *Id.* at 1288.

The same reasoning applies to Gomez's section 924(c) vagueness challenge. Like in *Granda*, the "building blocks" of Gomez's vagueness challenge "existed" in relation to "myriad other portions" of section 924(c) and thus existed "to support a similar challenge to its residual clause." *See id.*; *McCoy*, 266 F.3d 1258. Gomez failed to demonstrate "a sufficiently clear break with the past, so that an attorney representing him would not reasonably have had the tools" for arguing that the residual clause's vagueness invalidated his section 924(c) conviction. *See Granda*, 990 F.3d at 1286 (alteration adopted and citation omitted). Gomez's claim was not sufficiently novel to establish cause to excuse his procedural default.

<u>Prejudice</u>

In *Granda*, we also determined that the movant could not overcome a procedural default of his vagueness claim because he could not show "actual prejudice." *Id.* at 1288–91. "To prevail on a cause and prejudice theory, a [movant] must show actual prejudice," meaning "more than just the possibility of prejudice; it requires that the error worked to the [movant]'s actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 1288 (citation omitted). To show actual prejudice, a movant would have to show a "substantial likelihood" that the jury relied solely on the Hobbs Act robbery conspiracy as the predicate for his section 924 conviction. *Id.*

We found that "Granda [could not] make this showing." *Id.* at 1289. "Based on his role as a lookout in a conspiracy and an attempt to rob at gunpoint a truck carrying some sixty to eighty kilograms of cocaine, the jury unanimously found Granda guilty of conspiracy and attempt to possess cocaine with intent to distribute, attempted carjacking, conspiracy to commit Hobbs Act robbery, and attempt to commit Hobbs Act robbery." *Id.* "The trial record ma[de] it abundantly clear that all of these findings rested on the same operative facts and the same set of events—the jury found beyond a reasonable doubt that Granda had conspired and attempted to rob the truck in order to possess and distribute the cocaine it held." *Id.*

We determined that "[t]he objective of the robbery and the carjacking was the same:  to obtain and sell the multi-kilogram quantity of cocaine that was to be taken by force from the truck." *Id.* "So the jury could not have concluded that Granda conspired to possess a firearm in furtherance of his robbery conspiracy without also finding at the same time that he conspired to possess the firearm in furtherance of his conspiracy and attempt to obtain and distribute the cocaine, his attempt at carjacking, and the attempt at the robbery itself." *Id.*

Just like in *Granda*, the trial record here "makes it abundantly clear" that all of the jury's findings "rested on the same operative facts and the same set of events" and Gomez has failed to show a "substantial likelihood" that his section 924(c) conviction was predicated solely on his Hobbs Act conspiracy conviction. *See*

*id.* at 1288–89.  The district court instructed the jury that it could find Gomez guilty of violating section 924(c) if it found beyond a reasonable doubt that he "committed a drug trafficking offense" and "that during the commission of that offense, [he] knowingly carried a firearm in relation to that drug trafficking crime . . ., as charged in the indictment," or "knowingly possessed a firearm in furtherance of that drug trafficking crime . . ., as charged in the in-dictment."  The jury found beyond a reasonable doubt that Gomez committed two drug trafficking crimes.  And the general jury ver-dict did not specify which predicate offense or offenses the jury re-lied on for Gomez's section 924(c) conviction.

Like in *Granda*, Gomez's Hobbs Act conspiracy, attempted Hobbs Act robbery, and drug trafficking crimes were "inextricably intertwined" because they all arose out of the same attempted rob-bery of the cocaine-filled tractor-trailer.  *See id.* at 1280 ("Among the shortcomings that defeat [Granda's] claim is a fundamental one that cuts across both the procedural and merits inquiries:  all of the [section] 924(o) predicates are inextricably intertwined, arising out of the same cocaine robbery scheme.").  As Gomez acknowledged in his initial brief, it was not clear which predicate offense or of-fenses "formed the basis of the [section] 924(c) conviction[]."  With-out showing a "substantial likelihood" that the jury relied on Hobbs Act conspiracy—and "only" Hobbs Act conspiracy—as the predicate offense for the section 924(c) verdict, Gomez cannot show actual prejudice under *Granda*.  *See id.* at 1288 ("More spe-cifically, [the movant] must establish a substantial likelihood that

the jury relied *only* on the [Hobbs Act conspiracy] conviction, because reliance on any of [the other counts] would have provided a wholly independent, sufficient, and legally valid basis to convict [under section 924(o)].").

### Actual Innocence

"The actual innocence exception to the procedural default bar is 'exceedingly narrow in scope as it concerns a [movant]'s actual innocence rather than his legal innocence. Actual innocence means factual innocence, not mere legal innocence.'" *Id.* at 1292 (citation omitted). Gomez doesn't argue that he is "actually innocent" of the section 924(c) offense. *See id.* at 1286. And, because Gomez cannot show "cause and actual prejudice" or "actual innocence," he cannot overcome his procedural default. *See Bousley*, 523 U.S. at 622–23 (citation omitted).

### *Merits*

In *Granda*, we also concluded in the alternative that, even if the vagueness argument was not procedurally defaulted, the movant's claim failed on the merits because "[t]he inextricability of the alternative predicate crimes compel[led] the conclusion that the error Granda complain[ed] about . . . was harmless." 990 F.3d at 1292.

The same result follows here. The jury unanimously found Gomez guilty of conspiring to possess with intent to distribute cocaine, attempting to possess with intent to distribute cocaine, conspiring to commit Hobbs Act robbery, attempting to commit

Hobbs Act robbery, possessing a firearm during a drug trafficking crime or a crime of violence, and possessing a firearm as a felon. Each of the two cocaine charges was an independent predicate offense to the section 924(c) charge of possessing a firearm during a drug trafficking crime. Just like in *Granda*, the record "makes it abundantly clear that all of [the jury's] findings rested on the same operative facts and the same set of events." *See id.* at 1289. Gomez's conspiracy to commit Hobbs Act robbery was "inextricably intertwined" with his predicate offenses of conspiring and attempting to possess cocaine with intent to distribute it. *See id.* at 1293. "There is little doubt that if the jury found that" Gomez possessed "a firearm in furtherance of his conspiracy to commit Hobbs Act robbery, it also found that he" possessed "a firearm in furtherance of the other crime[]of[]violence and drug[]trafficking predicates of which the jury convicted him." *See id.*

Because we have no "grave doubt" that the inclusion of the invalid predicate offense—conspiracy to commit Hobbs Act robbery—had a "substantial" influence in determining the jury's verdict, any error resulting from the inclusion of the invalid predicate was harmless. *See Davis v. Ayala*, 576 U.S. 257, 267–68 (2015) (explaining that, on collateral review under the harmless error standard, "relief is proper only if the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict" (cleaned up)).

## CONCLUSION

We conclude that Gomez procedurally defaulted his claim and, also, that any error resulting from the inclusion of the invalid predicate was harmless.  Thus, we affirm the district court's denial of Gomez's successive section 2255 motion to vacate.

**AFFIRMED.**